## URANTIA FOUNDATION, Plaintiff,

### v.

### Kristen MAAHERRA, Defendant.

### Civ. No. 91–0325 PHX WKU.

United States District Court,
D. Arizona.

Jan. 27, 1995.

L. Dale Owens and Scott A. Wharton, of Booth, Wade & Campbell, Atlanta, GA, for plaintiff and counter-defendant, Urantia Foundation.

Joseph D. Lewis of Cleary & Komen, Washington, DC, for defendant and counterclaimant, Kristen Maaherra.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO DISMISS

URBOM, Senior District Judge.

This cause is before the court on the plaintiff's motion to dismiss for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff, Urantia Foundation, contends that the defendant lacks standing to assert any claims based upon the foundation's alleged violations of its governing declaration of trust.

### I. FACTUAL BACKGROUND

The Urantia Foundation was established pursuant to a charitable trust and exists under the laws of the State of Illinois. The plaintiff brought this action in part to enjoin the defendant, Kristen Maaherra, from infringing upon its copyright to *The Urantia Book* and infringing upon its registered trademarks to the name "Urantia" and the three blue concentric circles associated with the foundation. The defendant seeks to justify her actions by claiming that she, and not the Urantia Foundation, is acting in a way required by the foundation's declaration of trust. Furthermore, the defendant initially sought to place the foundation under the supervision of the court and enjoin it from administering the trust in what she believed was an inappropriate manner. The defendant has recently deleted these two prayers for relief from her current answer and counterclaim. *See* (Revised) Def.'s Substitute 2nd Am. Answer and Countercl. at 25.

### II. STANDARD OF REVIEW

When confronted with a motion to dismiss for want of standing, the court must accept each material allegation in the complaint as true and construe the complaint in favor of the complainant. *Metropolitan Washington Airports Auth. v. Citizens for the Abatement of Aircraft Noise, Inc.*, 501

U.S. 252, 264, 111 S.Ct. 2298, 2306, 115 L.Ed.2d 236 (1991) (quoting *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975)); *see McMichael v. County of Napa,* 709 F.2d 1268 (9th Cir.1983) (discussing general principles of standing). "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth,* 422 U.S. at 500, 95 S.Ct. at 2206.

### III. LEGAL DISCUSSION

■ Although the defendant has deleted the aforementioned prayers for relief from her most recent counterclaim, Count II of the counterclaim continues to allege violations of the plaintiff's declaration of trust. Furthermore, the defendant appears adamant in her belief that I should endeavor to interpret certain provisions of the trust and determine "to [what] extent ... the mandates in the Declaration of Trust are consistent with [her] study aid project." (Def.'s Mem. in Opp'n to Pl.'s Mot. to Dismiss for Lack of Standing at 4.) [hereinafter Def.'s Br.] This I cannot do.

The Urantia Foundation is a charitable trust and was created under and is subject to the laws of the State of Illinois. (Bondi Aff. at 2.)

> Article V, § 15 of the Illinois Constitution of 1970 provides that 'The Attorney General shall be the legal officer of the State, and shall have the duties and powers that may be prescribed by law.' Indeed, the right of ... the Attorney General to interfere in the handling of a public charity to prevent or correct abuses cannot be denied.... [B]oth the Illinois Constitution and the supreme court have recognized the common law authority of the Attorney General to protect the rights of the people of Illinois. This responsibility includes the duty to protect, supervise and enforce charitable trusts.

*People v. National Anti–Drug Coalition,* 124 Ill.App.3d 269, 79 Ill.Dec. 786, 791 & n. 3, 464 N.E.2d 690, 695 & n. 3 (1984) (citations omitted); *see also In re Estate of Stern,* 240 Ill.App.3d 834, 181 Ill.Dec. 461, 608 N.E.2d 534 (1992) (holding Illinois Charitable Trust Act provides Attorney General with authority to supervise and enforce charitable trusts); *Moloney v. Newberry Library,* 150 Ill. 229, 37 N.E. 236 (1894) (explaining Attorney General is proper party to bring action if doubt exists as to the meaning of a trust).

The defendant claims the plaintiff "seeks to have this Court strike all of Defendant Maaherra's references to the Foundation's Declaration of Trust." (Def.'s Br. at 1.) Moreover, she fears that if I grant the plaintiff's motion to dismiss, she may be barred from "utiliz[ing] the Declaration of Trust as evidence relating to the other claims asserted in the pleadings." *Id.* at 2. Neither statement is totally accurate.

In finding that the defendant lacks standing to request this court's assistance in the interpretation, administration, or enforcement of the declaration of trust, I am not prohibiting any reference to the instrument. The Federal Rules of Evidence remain in effect, and therefore relevant evidence will generally be admissible. FED.R.EVID. 402. Evidence concerning the plaintiff's declaration of trust will be considered relevant, if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* 401.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to dismiss, filing 188, is granted.